UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONE WOLF DISTRIBUTORS, INC.<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BRAVOWARE, INC. and SOPCOM, Inc.<br><br>　　　　Defendant. | Case No. 2:15-cv-00016-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it defendants' motion to dismiss and plaintiff's motion for leave to conduct jurisdictional discovery. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion for leave to conduct jurisdictional discovery and allow plaintiff Lone Wolf sixty days to conduct discovery limited to the issue of personal jurisdiction. Furthermore, the Court will deny defendants' motion to dismiss on jurisdictional grounds without prejudice to their right to raise the motion again following the close of the jurisdictional discovery. Finally, the Court will grant in part the motion to dismiss for a failure to state a claim, dismissing Count One of the complaint.

## BACKGROUND

Plaintiff Lone Wolf is an Idaho corporation. It makes aftermarket firearm accessories, including a thread cap protector that fits on the end of a gun barrel to protect the barrel's threads from damage during transport or storage.

Lone Wolf claims that the two defendants – Bravoware Inc. and Sopcom, Inc. – sold counterfeit Lone Wolf thread cap protectors over the internet through an alter ego named BravoTac. Lone Wolf accuses the defendants of trademark counterfeiting and unfair competition, among other claims.

Both of the named defendants are owned by Gino Shemesh. In 2012, Shemesh became a Lone Wolf dealer, selling its products on eBay, and by 2013 was conducting his sales under the pseudonym "BravoTac." When Lone Wolf prohibited its dealers from selling on eBay in 2014, Shemesh asked Lone Wolf to be exempted from that ban, a request denied by Lone Wolf. Nevertheless, Shemesh continued to sell Lone Wolf products on eBay under the name "BravoTac" despite repeated attempts by Lone Wolf to halt those sales. When Lone Wolf purchased one of those thread protector caps from BravoTac, Lone Wolf discovered that the cap failed to have a "chamfer cut" that is a distinctive feature of Lone Wolf thread protector caps. This discovery led Lone Wolf to file the counterfeiting and unfair competition claims in this lawsuit.

Lone Wolf did not name either BravoTac or Semesh as defendants. Instead, Lone Wolf claims that BravoTac is conducting business as an alter-ego of the two named defendants, Bravoware Inc. and Sopcom Inc., both owned by Semesh.

Bravoware and Sopcom have filed a motion to dismiss, challenging personal jurisdiction under Rule 12(b)(2) and the legal sufficiency of certain claims under Rule 12(b)(6). Lone Wolf responds with a motion to allow discovery limited to the personal jurisdiction issue.

## ANALYSIS

### Personal Jurisdiction

At this early stage of the proceedings, a plaintiff need only establish a prima facie case for personal jurisdiction to survive a motion to dismiss. *See Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir.1995). Where discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction," a district court abuses its discretion if it denies an opportunity for such discovery. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003).

Lone Wolf has at least a colorable claim that discovery might yield facts sufficient to establish a prima facie case of personal jurisdiction over the defendants. Lone Wolf's complaint alleges that Semesh established a relationship with it, an Idaho company, to become an authorized dealer of Lone Wolf products, and then conducted sales of counterfeit products on eBay under the pseudonym "BravoTac," which was in turn an alter-ego of the two named defendants owned by Semesh. A corporation can be subject to specific personal jurisdiction if it acts through an alter ego that is subject to personal jurisdiction in the forum. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393-94 (9th Cir. 1984).

Without rendering any opinion on the merits of the personal jurisdiction issue, the Court finds that Lone Wolf has at least made a colorable claim that requires jurisdictional discovery before the personal jurisdiction issue can be resolved. The Court will therefore grant the motion for leave to conduct jurisdictional discovery. The Court will deny the motion to dismiss to the extent it is based on Rule 12(b)(2), not on the merits but for the pragmatic reason that the motion needs to be re-filed (if necessary) after the jurisdictional discovery is completed so that it can contain a full analysis of that evidence.

With regard to the discovery on the personal jurisdiction issue, the discovery will be limited to: (1) Whether BravoTac is an alter ego of Bravoware and/or Sopcom, (2) How Semesh interacted with BravoTac, Bravoware and Sopcom, and (3) The details of Semesh's relationship with Lone Wolf. The parties shall draft a detailed Discovery Plan concerning how they will conduct this discovery and file it with the Court within 10 days following this decision. If any disputes arise, the parties will contact Law Clerk Dave Metcalf immediately at dave_metcalf@id.uscourts.gov or 208-334-9025)

**<u>Failure to State a Claim</u>**

Pursuant to Rule 12(b)(6), the defendants seek to dismiss Count Two of the complaint, a claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants argue that the counterfeiting provisions of § 43(a) do not apply to unregistered trademarks like those involved here. But registration is not a prerequisite to protection under § 43(a). *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

Defendants respond that the claim should be dismissed under the "first sale" doctrine that protects re-sellers – for example, those who buy from the original sellers and then simply resell the counterfeit products – from liability under the Lanham Act. *Parfums Givenchy, Inc. v. Drug Emporium, Inc.*, 38 F.3d 477, 480 (9th Cir.1994). While defendants recognize that the doctrine does not apply to resellers who create a likelihood of confusion by making material changes to the products, *see Hokto Kinoko Co. v. Concord Farms, Inc.,* 738 F.3d 1085, 1093 (9th Cir. 2013), they argue that Lone Wolf has failed to sufficiently describe in its complaint the materiality of the failure of the products to have a "chamfer cut," which supposedly identifies them as counterfeits. But the issue of materiality is part and parcel of the first sale doctrine, an affirmative defense that defendants have the burden of proving. *Vernor v. Autodesk, Inc.,* 621 F.3d 1102, 1107 (9th Cir. 2010). It would be anomalous to hold that Lone Wolf must plead with specificity an element of defendants' affirmative defense. Defendants cite no case so holding, and the Court is not persuaded to create new precedent on this issue. For all of these reasons, the Court will deny the motion to dismiss to the extent it seeks to dismiss Count Two, the § 43(a) claim under the Lanham Act.

In a separate count of the complaint – Count One – Lone Wolf alleges that defendants violated 15 U.S.C. §§ 1114(1)(a), 1116, and 1117 by selling, distributing, and advertising counterfeit goods. But these particular sections of the Lanham act apply, by their terms, only to a "registered mark" under § 1114(1)(a). Moreover, Section 1116(d)

specifies that a counterfeit mark for purposes of § 1117(c) is "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office."

Defendants made this argument in their opening brief and Lone Wolf failed to respond in its brief. The plain wording of the statutes requires dismissal, and the Court will order that Count One be dismissed.

Defendants also seek to dismiss the false advertising allegations, but the Court finds them sufficient. The complaint alleges that BravoTac's website (1) falsely advertised 9mm thread protectors as Lone Wolf products; and (2) advertised that Lone Wolf parts were made in South Korea and that its barrels were not stainless steel, both of which were false. *See Complaint (Dkt. No. 1)* at ¶ ¶ 16, 17 & 18. Those portions of the complaint contain the specific dates on which BravoTac's website contained the allegedly false advertising, and also include a screen shot of the offending advertising. *Id.* The Court finds this sufficient and will deny the motion to dismiss on this issue.

## Conclusion

In conclusion, the Court will (1) grant the motion for jurisdictional discovery and give Lone Wolf sixty days to complete that discovery; (2) limit the jurisdictional discovery as set forth above; (3) deny the motion to dismiss on Rule 12(b)(2) grounds without prejudice to the right of defendants to refile the motion after the jurisdictional discovery is done; and (4) grant in part the motion to dismiss on Rule 12(b)(6) grounds, dismissing Count One and deny the remainder of the motion.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiff's motion to conduct limited jurisdictional discovery (docket no. 14) is GRANTED, and plaintiff is given 60 days to complete the requested discovery.

IT IS FURTHER ORDERED, that the discovery on personal jurisdiction shall be limited to: (1) Whether BravoTac is an alter ego of Bravoware and/or Sopcom, (2) How Semesh interacted with BravoTac, Bravoware and Sopcom, and (3) The details of Semesh's relationship with Lone Wolf.  The parties shall draft a detailed Discovery Plan concerning how they will conduct this discovery and file it with the Court within 10 days following this decision.  If any disputes arise, the parties will contact Law Clerk Dave Metcalf immediately at dave_metcalf@id.uscourts.gov or 208-334-9025)

IT IS FURTHER ORDERED, that defendants' motion to dismiss (docket no. 17) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to dismiss Count One under Rule 12(b)(6), but is denied in all other respects.

DATED: February 22, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court