# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONE WOLF DISTRIBUTORS, INC. | Case No. 2:15-cv-00016-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| BRAVOWARE, INC. and SOPCOM, Inc. | |
| Defendant. | |

## INTRODUCTION

During a jury instruction conference, defendants requested an instruction that plaintiffs had a duty to give notice under 15 U.S.C. § 1111 of the trademark registration as a precondition to obtaining any damages. The Court refused to give that instruction and will explain its decision in this Memorandum Decision.

## ANALYSIS

After the plaintiff elected to seek only statutory damages, defendants argued that the Court should give a jury instruction requiring that as a precondition to obtaining statutory damages, the plaintiff must show that it gave the notice of trademark registration required by 15 U.S.C. § 1111. That statute states that a trademark registrant may affix to the mark an indication that it is registered – like the ® symbol – and that failing to do so means that "no profits and no damages shall be recovered" in any infringement action

"unless the defendant had actual notice of the registration." Defendants argue that during the time they were allegedly infringing Lone Wolf's trademark, Lone Wolf had not affixed any registration notice to its mark, and never provided actual notice, which should, according to defendants, preclude Lone Wolf from obtaining any damages.

However, statutory damages are governed by 15 U.S.C. § 1117(c), not § 1111. Section 1117(c) allows for statutory damages "[i]n a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) . . . ." The term "counterfeit mark" as defined by § 1116(d) means "a counterfeit of a mark that is registered . . . whether or not the person against whom relief is sought knew such mark was so registered."

Under § 1117(c) and § 1116(d), notice is not a precondition to statutory damages. While notice is generally required for damages under § 1111, the more specific provisions governing statutory damages override § 1111: "A well- established canon of statutory interpretation [is that] the specific governs the general." *RadLAX Gateway Hotel LLC v. Amalgamated Bank,* 566 U.S.639, 645 (2012). The leading treatise on trademark law agrees:

> [15 U.S.C. § 1116(b)(1)(B)] states that if the accused mark otherwise meets the definition, it is a counterfeit mark 'whether or not the person against whom relief is sought knew such mark was so registered.' It has been held that this phrase controls over [15 U.S.C. § 1111's] requirement of statutory notice for the recovery of "damages." Thus, damages, including statutory damages, can be recovered for counterfeiting even if the registered mark's owner did not comply with the notice requirements of [15 U.S.C. § 1111]."

*McCarthy on Trademarks & Unfair Competition* § 19:144 (4th ed. 2009).

For these reasons, the Court held that no notice was required and refused to instruct the jury on the notice requirements of § 1111 as requested by the defendants.

ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Court did not instruct the jury regarding the notice requirements of 15 U.S.C. § 1111 for the reasons expressed above.

DATED: January 2, 2019

_____
B. Lynn Winmill
Chief U.S. District Court Judge