UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LONE WOLF DISTRIBUTORS, INC. | Case No. 2:15-cv-016-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BRAVOWARE, INC. and  SOPCOM, INC. | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion for attorney fees and to add Gino Shemesh to the Judgment.  The motion is fully briefed and at issue.  For the reasons expressed below, the Court will deny the motion.

## LITIGATION BACKGROUND

Plaintiff Lone Wolf  makes aftermarket firearm accessories, including a thread cap protector that fits on the end of a gun barrel to protect the barrel's threads from damage during transport or storage.  In this lawsuit, Lone Wolf claimed that the two defendants – Bravoware Inc. and Sopcom, Inc. – sold counterfeit Lone Wolf thread cap protectors over the internet through an alter ego named BravoTac. Lone Wolf accused the defendants of trademark counterfeiting, unfair competition, and fraud.

Both of the named defendants are owned by Gino Shemesh.  In 2012, Shemesh became a Lone Wolf dealer, selling its products on eBay, and by 2013 was conducting

**Memorandum Decision & Order – page 1**

his sales under the pseudonym "BravoTac." When Lone Wolf prohibited its dealers from selling on eBay in 2014, Shemesh asked Lone Wolf to be exempted from that ban, a request denied by Lone Wolf.  Nevertheless, Shemesh continued to sell Lone Wolf products on eBay under the name "BravoTac" despite repeated attempts by Lone Wolf to halt those sales.  When Lone Wolf purchased one of those thread protector caps from BravoTac, Lone Wolf discovered that the cap failed to have a "chamfer cut" that is a distinctive feature of Lone Wolf thread protector caps. This discovery led Lone Wolf to file the counterfeiting and unfair competition claims in this lawsuit.

Lone Wolf did not name either BravoTac or Shemesh as defendants. Instead, Lone Wolf claims that BravoTac is conducting business as an alter-ego of the two named defendants, Bravoware Inc. and Sopcom Inc., both owned by Shemesh.

Lone Wolf's complaint alleged that Shemesh established a relationship with it, an Idaho company, to become an authorized dealer of Lone Wolf products, and then conducted sales of counterfeit products on eBay under the pseudonym "BravoTac," which was in turn an alter-ego of the two named defendants owned by Shemesh.  The complaint alleged that the BravoTac website (1) falsely advertised 9mm thread protectors as Lone Wolf products; and (2) advertised that Lone Wolf parts were made in South Korea and that its barrels were not stainless steel, both of which were false.

The defendants responded with a motion to dismiss, arguing that this Court did not have jurisdiction because the actions of BravoTac could not be attributed to the defendants.  Shemesh filed a Declaration stating that defendants Bravoware and Sopcom had nothing to do with BravoTac.  But in his deposition, Shemesh revealed that he had

lied in his Declaration and that in fact he created BravoTac to conduct business for Sopcom, and that in 2014, the BravoTac eBay store was operated for Bravoware.

The Court granted sanctions against the defendants and their counsel, *see Memorandum Decision (Dkt. No. 55)* and awarded to Lone Wolf the sums of (1) $15,377.36 against the defendants and (2) $3,720 against defense counsel. *See Memorandum Decision (Dkt. No. 74).*

Defense counsel withdrew and a new counsel was retained. The case then proceeded to trial with Lone Wolf deciding to seek only statutory damages for the trademark claims. After the completion of Lone Wolf's case-in-chief, the Court granted defendants' Rule 50 motion dismissing the fraud claim on the ground that Lone Wolf failed to prove damages from any fraud.

The case was then submitted to the jury, which found that defendants did infringe Lone Wolf's trademark and awarded $37,500 in statutory damages. Lone Wolf now seeks attorney fees and also asks that Shemesh be added to the Judgment.

## ANALYSIS

Lone Wolf asks that Shemesh be added to the Judgment on the ground that Shemesh is the alter ego of the defendants. Shemesh cites California cases in support. Those cases hold that amending a judgment to add a defendant as an additional judgment debtor requires (1) the new party is the alter-ego of the old party; and (2) the new party controlled the litigation, "thereby having had the opportunity to litigate, in order to satisfy due process concerns." *Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1106 (2013).

**Memorandum Decision & Order – page 3**

These requirements may well have been met here except for one factor unique to this case. During a hearing before this Court held on December 6, 2018 – about a week prior to trial – Lone Wolf's counsel represented that (1) he would not be pursuing a veil piercing claim against Shemesh in this case, (2) if he decided to later pursue that claim, he would file it in a separate lawsuit, and (3) if Shemesh attended the trial, counsel would not serve him with any process to make him a defendant in this case or any other case. The trial itself was conducted under these restraints. Given counsel's representations, it would be unfair and a violation of due process to now add Shemesh to the Judgment. This portion of Lone Wolf's motion must be denied.

With regard to attorney fees, the parties argue over whether the trademark statutes strictly prohibit an award of fees because Lone Wolf chose to seek statutory damages or whether Lone Wolf is entitled to fees upon a showing of extraordinary circumstances. The Court need not determine the statutory interpretation issue because even assuming that Lone Wolf is entitled to fees upon a showing of extraordinary circumstances, there has been no such showing in this case. While Shemesh's conduct in lying to the Court was extraordinary and outrageous, the Court has already imposed sanctions on the defendants for that conduct. Lone Wolf argues that defendants rejected a reasonable settlement offer and forced Lone Wolf to trial, but Lone Wolf cites no authority that such conduct is enough to warrant a finding of extraordinary circumstances. Infringement itself cannot be enough and no case cited to the Court so holds. For these reasons the Court will deny the motion for fees.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for attorney fees and to amend judgment (docket no. 121) is DENIED.

DATED: May 2, 2019

B. Lynn Winmill
U.S. District Court Judge